IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-3263-JWL |
| ) | |
| LEONARD MOORE, et al., ) | |
| ) | |
| Defendants. ) | |

### "MARTINEZ v. AARON" CIVIL RIGHTS INVESTIGATIVE REPORT

COMES NOW, counsel undersigned for the Kansas Department of Corrections (KDOC) and in accordance with the Court's January 3, 2024 Memorandum and Order and submits the following *Martinez* report to assist the Court in further screening the merits of Anthony Jefferson's (Jefferson) claims. This report is based upon affidavit testimony and official internal facility documentation available at the time of preparation. KDOC reserved the right to seek leave to supplement this report in the unlikely event additional evidence is discovered or becomes available.

On December 28, 2023, Plaintiff Jefferson filed a *pro se* civil rights action pursuant to 42 U.S.C. §1983 in the United States District Court for the District of Kansas. (Doc. 1). On January 3, 2024, the Court issued an order directing KDOC to the prepare a *Martinez* Report to assist in the screening of Plaintiff's Complaint. (Doc. 5).

## SUMMARY OF ALLEGATIONS IN PLAINTIFF'S COMPLAINT

In his Complaint Plaintiff alleges he was subjected to cruel and unusual punishment and deliberate indifference related to a July 26, 2023 encounter requiring his transport in restraint chair. Plaintiff alleges he was choked, resulting in him becoming semi-unconscious and spitting up blood. Plaintiff names numerous defendants, claiming they either participated in the use of force, or failed to intervene. Plaintiff seeks $100,000 in monetary damages. (Doc.1)

## INVESTIGATION

Plaintiff's current KDOC incarceration began on June 16, 2004, after June 9, 2004 drug convictions in Harvey County case number 04CR24. Subsequent to his June 16, 2004 commitment, Plaintiff was convicted of Aggravated Battery in Reno County case 04CR203, Battery Against a Correctional Officer in Reno County case 05CR497 and Battery Against a Correctional Officer/Employee by a Person in Custody in Reno County case 19CR229. Plaintiff's allegations occurred while housed at the El Dorado Correctional Facility (EDCF) in Butler County, Kansas where he continues to be housed today. (Exhibit A-KASPER information)

### *USE OF FORCE*

Officer Daniel Romero (Romero) completed a Use of Force Report related to the July 26, 2023 Use of Force involving Plaintiff. Witnesses to uses of force are required to submit Narrative Reports. Officers Orlando Perez (Perez), Austin Merz (Merz), Bryan Buchman (Buchman), Henry Hiesterman (Hiesterman), Colt Wood (Wood), Sarah Thatcher (Thatcher), Curtis Grimmett (Grimmett), Clay Cooper (Cooper), Trenton Burk (Burk) and Christopher Finch (Finch) all completed Narrative Reports.

Romero states the reason for the Use of Force as:

> While working in A-Cell House as the OIC I responded to E-Cell house for an officer needs assistance offender trouble breathing. I arrived and saw Offender Jefferson #44578 screaming in the dayroom and displaying violent behavior. Offender Jefferson #44578 through (*sic*) himself on the floor and became combative. (Exhibit B)

Romero describes the application of force as:

> Upon arrival COI Burk was attempting to gain control of Resident Jefferson #44578. Resident Jefferson #44578 threw his body weight on the ground of the E-1 dayroom. Once Resident Jefferson was on the ground, I pulled out my hand restraints at the same time gaining control of Resident Jefferson's #44578 left forearm. I place my hand restraints on Resident Jefferson's #44578 left wrist. I grabbed resident Jefferson's right forearm and placed his wrist in the other side of the restraints making his wrist fully restrained. I double locked the hand restraints for safety purposes. After hand restraints were applied, due to Resident Jefferson's violent behavior, I gained control of Resident Jefferson #44578 legs by grabbing his calves and holding until leg restraints arrived. Once I took possession on (*sic*) leg restraints, I placed Resident Jefferson #44578 left ankle into the restrain and the right ankle immediately. (*sic*) Once the leg restraints applied (*sic*), I double locked the leg restraints. COII Buchman, COI Merz, COI Hiesterman and COI Perez arrived while COI Perez was recording with a camera. Once (*sic*) restraint chair arrived COI Merz, COI Heisterman, COII Buchman and Myself placed Resident Jefferson #44578 into the restraint chair. I put the lap belt on Resident Jefferson #44578 after I applied the Right shoulder strap and secured it while simultaneously COI Heisterman did the left shoulder strap. *Id.*

The Narrative Reports of Perez, Buchman, Hiesterman, Burk, Thatcher, Grimmett, Cooper, Finch and Wood all described responding to a signal/call regarding a resident experiencing a medical issue. The reports describe Petitioner being restrained with leg and wrist restraints and being placed in a mobile restraint chair. The reports further describe Petitioner being transported to the trauma room where he was medically evaluated and cleared, strip searched and placed in an infirmary cell. (Exhibits C-K) Cooper describes Petitioner's behavior

as "abnormal". (Exhibit I) Finch describes Petitioner's behavior as "non-complaint". (Exhibit J) Wood's report describes Petitioner "screaming in the dayroom", that he "appeared to be foaming from the mouth" and that he "continued to scream" in the trauma room. (Exhibit K)

Merz's report describes responding to a signal and bringing a restraint chair when responding. He describes that when he arrived, Jefferson had already been placed in wrist and leg restraints. Merz describes assisting with placing Jefferson into the restraint chair, maintain control of Jefferson's head and pushing the restraint chair to the trauma room. (Exhibit L)

Merz denies choking Jefferson. (Exhibit M, ¶ 7) Merz denies Jefferson ever became "semi-unconscious", instead describes him as being awake and screaming continuously. *Id.* Merz acknowledges his hands were in the area around Jefferson's neck. *Id*. at ¶ 8. Merz describes using the hypoglossal nerve pressure point, consistent with his training (*see* Exhibit N), to perform his job duties and to safely transport Jefferson. *Id.* Pressure applied was to under Jefferson's jaw, not his throat. *Id.* at ¶ *9*.

### PHOTOS AND VIDEO

Photos were taken post use of force. (Exhibit O) Facility videos capture Jefferson on the cell house floor, his placement in the mobile restraint chair, and his transport to the trauma room. (Exhibit V) The video is clear, although Merz's hands are in the area of Jefferson's neck and throat, Merz is not choking Jefferson.

### MEDICAL TREATMENT

Centurion is the contracted provider of medical and dental services for KDOC facilities and performs its services under the State of Kansas Contract ID 48210. (Exhibit P, ¶ 3)

On July 26, 2023 Petitioner is assessed immediately after arriving in the infirmary in the mobile restraint chair.  Petitioner is described as screaming, crying, drooling, wide-eyed, and experiencing visual hallucinations. *Id.* at ¶12.   Petitioner is admitted to the infirmary for a twenty-three hour observation due to an altered mental state.  *Id.*  On July 27, 2023 Jefferson provides a urine sample which is positive for e-coli.  *Id.* at ¶ 15.  It is unclear if Jefferson's back pain was related to e-coli.  *Id.* Jefferson is later tested for a genitourinary infection, which is negative.  *Id.* at ¶16.  Centurion provides Jefferson with ongoing medical care related to complaints of back pain.  *Id.* at ¶17-26.

Jefferson's medical records from July 26, 2023 and the following weeks are included in this report.  (Exhibit Q)

### *DISCIPLINARY REPORT*

On July 27, 2023 Jefferson's cell was search and packed out.  During the search an altered light bulb and altered highlighter were located.  The items appeared to have been used as homemade smoking devices. Jefferson was originally charged with violating K.A.R. 44-12-901, *Dangerous Contraband*.  The charge was later amended to a violation of K.A.R. 44-12-903, *Tobacco Contraband*.  Jefferson entered a guilty plea to the charge. (Exhibit R)

### *INTERNAL MANAGEMENT POLICY AND PROCEDURE*

KDOC enacts Internal Management Policy and Procedure (IMPP) that are intended to establish directives and guidelines for staff, residents, and offenders and those entities that are contractually bound to adhere to them. IMPP 12-111A governs use of force. (Exhibit S) The IMPP authorizes reasonable force as required in the performance of duties, however, prohibits unnecessary or excessive force. *Id.*

IMPP 12-113, *Use of Physical, Electrical, and Therapeutic* authorizes the use of restraints to prevent violence, including injury and property damage, maintain custody and control, and during the transportation of the offender. (Exhibit T) IMPP 12-113 authorizes the development of facility General Orders to provide procedures for the use of restraint chairs. EDCF adopted General Order 09-133, *Established Procedures for Use of the Restraint Chair*. (Exhibit U)

## CONCLUSION

It is unknown whether Plaintiff's behavior requiring the use of the mobile restraint chair to transport him on July 26, 2023 was due to a medical condition or drug use causing an altered mental state. Regardless of the cause, KDOC staff responded immediately to a medical emergency to assist Plaintiff. Plaintiff's behavior required the use of a mobile restraint chair to safely transport him to the trauma room and infirmary. Due to Plaintiff's noncompliance, the use of control tactics were necessary to restrain him into the chair to safely transport him. Video evidence clearly negates Plaintiff's claim that officers choked him until he was semi-unconscious and spitting up blood. Conversely, video shows him screaming the duration of his placement in the mobile restraint chair, his transport to the trauma room and his assessment by Centurion medical staff. It is highly plausible that Plaintiff did suffer from a sore throat in the days after July 26, 2023, not due to anyone choking him, but instead, from screaming for an extended period of time.

Plaintiff's claim of cruel and unusual punishment inflicted during transport from the E cell house to the trauma room is without merit. Any force used during Plaintiff's transport to the trauma was in response to Plaintiff's non-compliant actions toward staff who were simply trying to get him medical attention. None of the named Plaintiffs, including Merz, acted maliciously to

hurt Plaintiff. Any injury suffered by Plaintiff was a result of his noncompliance with KDOC and facility transport protocols.

    Respectfully submitted,

    s/ *Laine C. Barnard*
    Laine C. Barnard, KS # 19467
    Legal Counsel
    Kansas Department of Corrections
    714 SW Jackson St, Suite 300
    Topeka, KS 66603
    Tel: (785) 600-0698
    Email: Laine.Barnard@ks.gov

## **EXHIBIT LIST**

A. KASPER Profile for Anthony Jefferson

B. Romero Use of Force Report (provisionally filed under seal)

C. Perez Narrative Report

D. Buchman Narrative Report

E. Hiesterman Narrative Report

F. Wood Narrative Report

G. Thatcher Narrative Report

H. Grimmett Narrative Report

I. Cooper Narrative Report

J. Burk Narrative Report

K. Finch Narrative Report

L. Merz Narrative Report

M. Affidavit of Austen Merz

N. KDOC Defensive Tactics Instructor Resource Manual, *Nerve Motor Control Points*, Hypoglossal Nerve, page 96, Revised 4-22-20.

O. Use of Force photos

P. Affidavit of Sierra Palacio-Oliver

Q. Relevant medical records of Anthony Jefferson (provisionally filed under seal)

R. Disciplinary Report 23-07-472

S. IMPP 12-111A, *Use of Force* (provisionally filed under seal)

T.  IMPP 12-113, *Use of Physical, Electronic, and Therapeutic Restraints* (provisionally filed under seal)

U.  El Dorado Correctional Facility General Order 09-133, *Established Procedures for Use of the Restraint Chair*

V.  Use of Force videos (filed conventionally)

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing. I further certify I placed a true and correct copy of the foregoing "MARTINEZ v. AARON" CIVIL RIGHTS INVESTIGATIVE REPORT (excluding Exhibit V which will be made available for viewing by his Unit Team and Exhibits S and T pending ruling of the Court) was placed in inter-facility mail to non-CM/ECF participant:

ANTHONY JEFFERSON, #44578
El Dorado Correctional
Facility El Dorado, KS 67042
Plaintiff *pro se*

 */s/ Laine C. Barnard*
Laine C. Barnard