IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY JEFFERSON,**

    **Plaintiff,**

    v.                                                                             CASE NO. 23-3263-JWL

**LEONARD MOORE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On April 4, 2024, the Court entered a Memorandum and Order (Doc. 13) ("M&O") granting Plaintiff until May 6, 2024, in which to respond to the *Martinez* Report at Doc. 8 and to show good cause why this matter should not be dismissed for the reasons set forth in the M&O. The Court extended the response deadline to June 28, 2024. (Doc. 15.) This matter is before the Court on Plaintiff's Motion to Depose (Doc. 16) and Motion to Amend Complaint (Doc. 22).

Plaintiff seeks to depose Centurion employees Alicia M. Mefford, RN, and John W. Martin, both of whom he claims are with Behavioral Health at EDCF. Plaintiff claims that "[b]oth employees may have information that would refute statements, comments or opinions that have been made in the above case." (Doc. 16, at 1.) Other than his suggestion that these two employees may have information, Plaintiff does not indicate how either employee was involved in the alleged excessive force incident or what information they may have that would be relevant. On May 15, 2024, the Court entered an Order (Doc. 17) directing Kansas Department of

1

Corrections ("KDOC") officials to respond to Plaintiff's Motion to Depose. The Order also granted Plaintiff until May 29, 2024, to provide the additional information as to why information from either employee may be relevant. The KDOC has filed a Response (Doc. 18), but Plaintiff has failed to provide additional information by the deadline.

The KDOC's response attaches medical records that were found when searching the records for "Alicia Mefford", "John Martin", "Mefford", and "Martin". (Doc. 18, Exhibit C.) The response notes that the issue in this case is not the cause of Plaintiff's behavior requiring the use of force, but whether the use of force was excessive. The response asks the Court to deny the motion to depose and provides that "[t]he additional records fail to show, as would depositions of Mefford and Martin, information that would assist the Court in its screening of Plaintiff's claim of excessive force." (Doc. 18, at 2.) Plaintiff has failed to supply the additional information requested in the Court's Order at Doc. 17. Therefore, the Court denies the Motion to Depose based on the information and arguments in the KDOC's response.

Plaintiff has also filed a "Motion to Alter and Amend" which seeks to alter and amend his Complaint by adding additional facts. The Court construes the motion as a motion to amend his Complaint and denies the motion. Although a plaintiff is entitled to amend a complaint once as a matter of right under Fed. R. Civ. P. 15, the proposed amended complaint—which must be on a Court-approved form—must be attached to the motion. *See* Fed. R. Civ. P. 15(a)(1) (Amending as a Matter of Course); D. Kan. Rule 9.1(a)(3) ("civil rights complaints by prisoners under 42 U.S.C. § 1983 . . . must be on forms approved by the court"); D. Kan. Rule 15.1(a)(2) ("[a] party filing a motion to amend . . . must: . . . (2) attach the proposed pleading or other document. . ."). Therefore, the Court denies the motion to amend. Plaintiff should set forth any additional facts or arguments in his response to the M&O.

Plaintiff is cautioned that his response to the Court's M&O is due June 28, 2024. Plaintiff shall have until June 28, 2024, in which to respond to the Report at Doc. 8 and to show good cause why this matter should not be dismissed for the reasons set forth in the Court's M&O at Doc. 13.  Plaintiff should refrain from making any additional submissions until he has responded to the M&O at Doc. 13.  Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Depose (Doc. 16) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 22) is **denied.**

**IT IS SO ORDERED**.

**Dated May 30, 2024, in Kansas City, Kansas.**

>    **S/  John W. Lungstrum**
>    **JOHN W. LUNGSTRUM**
>    **UNITED STATES DISTRICT JUDGE**