**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ANTHONY JEFFERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-3263-TC-GEB** |
| | ) | |
| **LEONARD MOORE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ANSWER TO COMPLAINT**

Defendants Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando

Perez, and Clay Cooper ("Defendants") state their answers to the Complaint (Doc. 1):

1. On page 1:

    a. Paragraph 1 is admitted in part and denied in part. At the time of the filing

    of the Complaint, Plaintiff resided at El Dorado Correctional Facility

    (EDCF) at the address provided. But currently Plaintiff resides at Lansing

    Correctional Facility. (Doc. 38.)

    b. Paragraph 2 is admitted up until and including the word "properly." The

    remainder of the paragraph is denied.

2. On page 2:

    a. Paragraph 3 is admitted except for the following:

        i. Merz no longer works at EDCF.

        ii. Defendants lack knowledge or information sufficient to form a

        belief about whether Jefferson was experiencing a medical

        condition.

        iii. Merz did not choke Jefferson at all but rather used a hypoglossal

nerve pressure point technique.

iv. No officers choked Jefferson.

v. Jefferson did not become semi-unconscious.

vi. Merz only used the hypoglossal nerve pressure point technique while Jefferson was still in the process of being restrained in a restraint chair until the point that Jefferson was fully restrained as well as briefly afterwards when Jefferson spat on another officer. These uses of force were only made while Jefferson was combative and resisting.

b. Paragraph 4 states legal conclusions or comments on the law. This paragraph does not state factual allegations and therefore does not require responsive pleading. To the extent it states factual allegations, they are denied.

c. Paragraph B(1) is admitted in part and denied in part as follows:

i. Defendants lack knowledge or information sufficient to form a belief about whether Jefferson was experiencing a medical condition on July 26, 2023.

ii. It is admitted that Jefferson was placed in a restraint chair, had leg irons applied, was handcuffed behind his back, and was strapped into the restraint chair.

iii. It is denied that the term used is "presser compliance." The correct term is "pressure compliance."

iv. It is denied that Jefferson filed a personal-injury claim in August

2

2023. He filed it on October 11, 2023.

    v.  It is admitted that Jefferson received his personal-injury claim back denied on October 25, 2023.

    vi.  The paragraph is otherwise denied.

3.  On page 3:

    a.  The following is admitted:

        i.  Buchman, Burk, Perez, and Cooper were residents of El Dorado, KS, at the time of the incident.

        ii.  Buchman and Perez were employed as Special Security Team (SST) officers at EDCF. Perez no longer works at EDCF. Buchman is still an SST officer at EDCF.

        iii.  Burk, Cooper, and Thatcher were each employed as a Corrections Officer I (COI) at EDCF. Burk and Thatcher no longer work at EDCF. Cooper is still a COI at EDCF.

        iv.  Finch was and is employed as a Corrections Supervisor I (CSI) at EDCF.

        v.  Buchman, Burk, Perez, Cooper, Thatcher, Finch, and Centurion nursing staff responded to the medical call for assistance.

        vi.  Buchman used knee strikes (as part of a pressure point compliance technique).

        vii.  Burk observed Buchman's knee strikes.

        viii.  Perez responded with a hand-held camera.

        ix.  Cooper held Plaintiff's legs and observed Buchman's knee strikes.

<div style="margin-left: 2em;">

x. Finch was the cell-house officer in charge (OIC) who called in the medical call for assistance.

b. Defendants lack knowledge or information sufficient to form a belief about:

    i. Whether Jefferson was experiencing a medical condition.

    ii. Whether defendants Thatcher, Finch, and the unknown nurse were residents of El Dorado, KS, at the time of the incident.

c. The factual allegations on page 3 are otherwise denied.

</div>

4. On page 4:

<div style="margin-left: 2em;">

a. Defendants lack knowledge or information sufficient to form a belief about whether Jefferson was experiencing a medical condition on July 26, 2023.

b. Paragraph (2) about Perez is otherwise admitted except that Perez arrived at 5:35 PM.

c. Paragraph (3) about an unknown nurse is otherwise admitted except that the nurse who assessed Plaintiff's medical condition arrived at 5:35 PM.

d. Paragraph (4) about Merz is denied except that Merz responded to the call for medical assistance on July 26, 2023. He arrived at 5:35 PM.

e. Paragraph (5) about Buchman is denied except that Buchman responded to the call for medical assistance on July 26, 2023, that he used knee strikes on one of Plaintiff's legs (as part of a pressure point compliance technique), and that he used force to help secure Plaintiff in the restraint chair. He arrived at 5:36 PM. When Buchman arrived, Plaintiff was

</div>

already sitting in the restraint chair.

    f.    Paragraph (6) about Burk is otherwise admitted except that Burk arrived at 5:32 PM.

    g.    Paragraph (7) about Cooper is otherwise admitted except that Cooper arrived at 5:35 PM and that Plaintiff was not choked.

    h.    Paragraph (8) about Thatcher is otherwise admitted except that Thatcher arrived at 5:32 PM.

    i.    Paragraph (9) about Finch is otherwise admitted except that Finch was not actively watching for most of the time.

    j.    Paragraph B(2) about Merz is denied except that Merz responded to the call for medical assistance on July 26, 2023. He arrived at 5:35 PM.

5.    On page 5:

    a.    Defendants lack knowledge or information sufficient to form a belief about whether Jefferson was experiencing a medical condition on July 26, 2023.

    b.    Paragraph (3) about an unknown nurse is denied except that the nurse responded to Plaintiff's call for medical assistance on July 26, 2023, that the nurse assessed Plaintiff's medical needs, and that the nurse did not report any abuse. The nurse arrived at 5:35 PM.

    c.    Paragraph (4) about Burk is denied except that Burk responded to the call for medical assistance on July 26, 2023, and that he observed Buchman's knee strikes. Burk arrived at 5:32 PM.

    d.    Paragraph (5) about Cooper is denied except that Cooper responded to the

call for medical assistance on July 26, 2023, that he helped restrain

Plaintiff's legs, that he observed Buchman's knee strikes, and that his

official report on the incident did not indicate that any abuse occurred.

Cooper arrived at 5:35 PM.

e.  Paragraph (6) about Thatcher is denied except that Thatcher responded to

the call for medical assistance on July 26, 2023, that her official report on

the incident did not indicate that any abuse occurred, and that officers

have an ethical obligation to report abuse.

f.  Paragraph (7) about Finch is denied except that he called in the medical

call for assistance at 5:30 PM, and that his official report on the incident

did not indicate that any abuse occurred.

g.  Paragraph (8) about Buchman is denied except that Buchman responded to

the call for medical assistance on July 26, 2023, and that Buchman is

highly trained in use of force. Buchman arrived at 5:36 PM.

6.  On page 6:

a.  Except for paragraphs C(1)(A)(2) and C(1)(B)(2), all paragraphs on this

page state legal conclusions or comment on the law. They do not state

factual allegations and therefore do not require responsive pleading. To

the extent they state factual allegations, they are denied.

b.  Defendants lack knowledge or information sufficient to form a belief

about whether Jefferson was experiencing a medical condition on July 26,

2023.

c.  The following is admitted:

        i. Moore was a major at EDCF on July 26, 2023.

       ii. He reviews all use of force and decides if staff handled it correctly.

     iii. Plaintiff's personal-injury claim was denied on October 25, 2023.

     iv. Perez responded to the call for medical assistance on July 26, 2023, with a hand-held camera and recorded the use of force.

      v. Perez observed Buchman's knee strikes.

     vi. Officers have an ethical obligation to report abuse.

    vii. Perez's official report on the incident did not indicate that any abuse occurred.

d. The factual allegations on this page are otherwise denied.

7. On page 7:

a. Paragraph C(1) states legal conclusions or comments on the law. This paragraph does not state factual allegations and therefore does not require responsive pleading. To the extent it states factual allegations, they are denied.

b. Paragraph C(2) merely incorporates other paragraphs and therefore does not require separate responsive pleading.

c. Defendants lack knowledge or information sufficient to form a belief about the other allegations on this page.

8. On page 8:

a. Defendants lack knowledge or information sufficient to form a belief about paragraphs (e) and (f).

b. Defendants admit that Plaintiff's personal-injury claim was denied

October 25, 2023.

    c.  Defendants admit that Plaintiff filed a grievance regarding the July 26, 2023, incident, that he appealed it to the Secretary of Corrections, that his grievance appeal was denied, and that the appeal was returned to him denied in December 2023.

    d.  Responsive pleading is not required to Plaintiff's "Request for Relief." However, Defendants deny that Plaintiff is entitled to the relief demanded.

    e.  The factual allegations on this page are otherwise denied.

9.  All allegations in the Complaint are denied unless expressly admitted above.

## OTHER DEFENSES

10. Plaintiff has failed to state a claim upon which relief can be granted in whole or in part.

11. The Court lacks subject-matter jurisdiction in whole or in part. Reasons include but are not limited to: the Eleventh Amendment bars Plaintiff's claims.

12. Plaintiff's constitutional rights were not violated. Plaintiff does not have a constitutional right to a prison grievance process. Defendants' uses of force were constitutionally permissible. No intervention by Defendants was constitutionally required.

13. Qualified immunity bars Plaintiff's individual capacity claims against the Defendants.

14. Alternatively, the Plaintiff's damages are not of the nature and extent alleged.

## CONCLUSION

Therefore, Defendants request that the Court enter judgment in their favor denying Plaintiff the relief he seeks, and for such other relief as the Court deems just and proper.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants Moore, Merz, Buchman,*
*Burk, Perez, and Cooper*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served by means of first-class mail, postage prepaid, addressed to:

Anthony Jefferson #44578
Lansing Correctional Facility
P.O. Box 2
Lansing, KS 66043
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General