IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY JEFFERSON,

    Plaintiff,

v.

LEONARD MOORE, et al.,

    Defendants.

Case No. 23-cv-3263-TC-TJJ

**MEMORANDUM AND ORDER**

Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force, deliberate indifference, and cruel and unusual punishment in violation of the Eighth Amendment. The Court has found that this matter survives statutory screening under 28 U.S.C. § 1915A.[1] This matter is before the Court on Plaintiff's second Motion for Appointment of Counsel (ECF No. 31).[2]

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no absolute right to appointment of counsel.[3] Courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[4] Under 28 U.S.C. § 1915(e)(1), a court "may

---

[1] *See* July 11, 2024 Mem. & Order (ECF No. 27).

[2] Plaintiff's first motion for appointment of counsel (ECF No. 3) was denied without prejudice to refiling if his complaint survived screening. *See* Jan. 3, 2024 Mem. & Order (ECF No. 5).

[3] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases"); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[4] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[5] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[6] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his own.[7] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[8] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors. While Plaintiff has adequately shown he made diligent efforts to obtain counsel on his own by listing the names of seven attorneys he contacted, the Court concludes the other factors do

---

[5] *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[7] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[8] *See Castner v. Colo. Springs Cablevision*, 979 F2d 1417, 1420 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

not warrant the appointment of counsel at this time. In support of his motion, Plaintiff states his imprisonment will greatly limit his ability to litigate and his segregation status will limit his access to the law library. Plaintiff further argues the issues involved in this case are complex and will require significant research and investigation. He further asserts that he has limited knowledge of the law and trial in the case will likely involve conflicting testimony. He argues appointed counsel would be better able to present evidence at trial and cross examine trial witnesses.

A review of Plaintiff's filings to date show that Plaintiff appears capable of adequately representing himself at this early stage of the proceedings. The factual and legal issues do not appear overly complex. While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[9] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 31) is **denied without prejudice.**

A paper copy of this Memorandum and Order will be mailed to Plaintiff and the Notice of Electronic Filing (NEF) emailed to the Lansing KDOC email account.

**IT IS SO ORDERED**.

Dated November 25, 2024, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[9] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).