**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-3263-TC-TJJ

———————

Anthony Jefferson,

*Plaintiff*

v.

Leonard Moore, et al.,

*Defendant*

———————

## ORDER

Plaintiff Anthony Jefferson filed this pro se civil rights action under 42 U.S.C. § 1983. Doc. 1. The Complaint names as defendants several persons in their individual and official capacities. *Id.* at 1–4. On January 14, 2023, Defendants Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando Perez, and Clay Cooper filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) requesting that Plaintiff's claims be dismissed for lack of subject-matter jurisdiction and for failure to state a claim or, in the alternative, for summary judgment under Rule 56. Doc. 59. Two reasons justify denying Defendants' motion without prejudice.

First, there is tension between the substance of the pleading and its invocation of Rule 56. Defendants have styled their motion as one for judgment on the pleadings under Rule 12 and seek dismissal for lack of subject-matter jurisdiction and for failure to state a claim. *See* Doc. 59 at 1 ("Defendants . . . respectfully request . . . that the Court dismiss the claims against them under Fed. R. Civ. P. 12(c) for lack of subject-matter jurisdiction and failure to state a claim."). But the length of the pleading far exceeds that permitted for Rule 12 motions. *See* D. Kan. Rule 7.1(d).

Second, a motion for summary judgment is premature. In the ordinary course, a defendant would file and litigate a single Rule 12

1

motion and then, after discovery closed, file a single Rule 56 motion that relies on the facts discovered. To be sure, Rule 56 permits filing a summary judgment motion "at any time until 30 days after" discovery has closed. Fed. R. Civ. P. 56(b). But early motions are frequently denied because the case has not yet developed, no discovery has occurred, and the parties' claims and defenses have not been formalized by way of a pretrial order. *See generally* Fed. R. Civ. P. 56(b), Advisory Committee Notes (2010) (recognizing that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had," because scheduling orders and other pretrial orders "can regulate timing" to fit the needs of the case); *see also McCoy v. Aramark*, Case No. 21-3269, Docs. 63 & 75 (denying similar motions). And multiple summary judgment motions filed throughout the course of the litigation are generally disfavored. *See, e.g.*, *Power Equip. Co. v. Turner Bros. Constr., Inc.*, No. 21-0153, 2022 WL 5166631, at *2 (D.N.M. Aug. 30, 2022) (citing several cases, including from the District of Kansas). Thus, even without the aforementioned issue, Defendants' motion for summary judgment would be denied without prejudice because it is premature.

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment, Doc. 59, is DENIED without prejudice. They may file an answer or other response on or before February 7, 2025.

It is so ordered.

Date: January 24, 2025          s/ Toby Crouse
                                Toby Crouse
                                United States District Judge