IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY JEFFERSON,

                Plaintiff,

v.                                                  Case No. 23-cv-3263-TC-TJJ

LEONARD MOORE, et al.,

                Defendants.

### ORDER GRANTING MOTION TO SEAL EXHIBIT V

Interested party Kansas Department of Corrections ("KDOC") has filed a Motion to File Under Seal Exhibit V (ECF No. 68) to the *Martinez* report (ECF No. 10). KDOC requests permission to file under seal Exhibit V, which is a DVD containing video recordings of the use of force at issue in this case and the media players necessary to view the recordings. KDOC previously filed a motion and was granted leave to file Exhibit V conventionally but did not request that it be filed under seal.[1] KDOC now requests Exhibit V be placed under seal, arguing the release of security video footage from a correctional facility, either to residents or to the public, creates unreasonable safety and security risks for both residents and staff. KDOC further requests Plaintiff not be allowed to possess a copy of the DVD, but Plaintiff's Unit Team is able to facilitate his viewing of its contents. Defendants filed a response in support of the KDOC's motion to seal (ECF No. 69), arguing KDOC regularly seeks to file prison video footage under seal to mitigate security risks from disclosure.

---

[1] *See* ECF Nos. 6 and 7.

"Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute."[2] Thus, the presumption in favor of access to judicial records may be overcome where "countervailing interests heavily outweigh the public interests in access."[3] The burden is on the party seeking to restrict access to show "some significant interest that outweighs the presumption."[4]

Although a presumption exists in favor of public access to judicial records, KDOC and Defendants have met their burden to show a significant interest outweighs this presumption. Here, Exhibit V contains video recordings from a correctional facility's security footage and should be placed under seal to protect the safety and security of both inmates and prison staff. The Tenth Circuit has upheld the sealing of prison video footage "for the safety of the jail, as they show which areas of the jail are surveilled," finding this to be "a real and substantial interest that justifies depriving the public of access."[5] Although Exhibit V should be sealed so the public does not have access, Plaintiff should still be able to view Exhibit V for purposes of litigating his claims in this case. However, "it is the historical and current practice of the KDOC to allow inmates to view, under supervision, surveillance camera footage referenced in a *Martinez* report."[6] Inmates may view videos but are not given separate copies.[7] Plaintiff may not request direct access or a copy of Exhibit V, but shall be provided access to view the contents of Exhibit V upon reasonable notice of his request to his Unit Team.

---

[2] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citations omitted).

[3] *Id.*

[4] *Id.*

[5] *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020).

[6] *Grissom v. Palm*, No. 19-3178-EFM, 2022 WL 3211428, at *1 (D. Kan. Aug. 9, 2022).

[7] *Id.*

**IT IS THEREFORE ORDERED** that KDOC's Motion to File Under Seal Exhibit V (ECF No. 68) is **granted**. Exhibit V to the *Martinez* Report, a DVD filed conventionally in the Topeka Clerk's office, shall be placed under seal.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff shall be provided access to view the contents of Exhibit V upon reasonable notice of his request to his Unit Team.

A paper copy of this Memorandum and Order will be mailed to Plaintiff and the Notice of Electronic Filing (NEF) emailed to the Lansing KDOC email account.

Dated March 11, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge