# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY JEFFERSON,

                Plaintiff,

v.

LEONARD MOORE, et al.,

                Defendants.

Case No. 23-cv-3263-TC-JBW

## MEMORANDUM AND ORDER

Plaintiff Anthony Jefferson, a prisoner incarcerated at the El Dorado Correctional Facility, filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force, deliberate indifference, and cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Dkt. 79) and Motion to Amend for Appointment of Counsel (Dkt. 80). The Court considers them together as Plaintiff's most recent request for the Court to appoint counsel to represent him in this case. Plaintiff's prior motions for appointment of counsel were denied without prejudice.[1]

Although a defendant in a *criminal* action has a constitutional right to be represented by counsel, it is well settled that a party in a *civil* action has no constitutional right to appointed counsel.[2] However, under the *in forma pauperis* statute, the court "may request an attorney to

---

[1] *See* Dkts. 5 and 57.

[2] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

represent" a party unable to afford counsel.[3] Section 1915(e)(1) grants broad discretion for courts to request counsel to represent an indigent party.[4] In evaluating a prisoner's request for appointed counsel, the court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[5] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6]

Section 1915(e)(1) merely permits the court to "request" an attorney to represent an indigent party in a civil case and does not authorize the court to require an unwilling attorney to take the case.[7] More significantly, Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[8] So the court only may seek an attorney willing to be appointed and provide his or her legal services pro bono (without payment). For these reasons, the appointment of counsel in a civil case is rare.[9]

Plaintiff states in his motion that he is currently placed in restrictive housing and has been

---

[3] 28 U.S.C. § 1915(e)(1).

[4] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[5] *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[6] *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[7] *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301–08 (1989).

[8] *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[9] *Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) ("Appointment of counsel in civil cases is the rare exception, not the rule.").

told he will remain there for one year or more. He states he has limited access to legal materials and research. He requested the use of the legal tablet from the librarian but due to the high volume of residents needing it, he may only get to use it once per month.  Plaintiff also states his health has been declining and his health issues greatly limit his ability to further litigate his case.

Plaintiff's motions for appointment of counsel are denied. Plaintiff, while proceeding *pro se*, has litigated this case for over two years since December 2023. During that time, he has demonstrated his ability to gather facts and present his claims and arguments in his pleadings and other filings. Plaintiff's pleadings and filings to date adequately present the factual and legal bases for his claims and demonstrate that he understands the basics of his claims. Through his own efforts to date without counsel, Plaintiff's claims have passed the Court's screening. In addition to Plaintiff's demonstrated ability, the legal or factual issues do not appear to be complex. Nor has Plaintiff alleged any special circumstances that would lead the Court to conclude that he is not capable to proceed on his own behalf or set his case apart from other incarcerated individuals proceeding *pro se* in federal court.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for appointment of counsel (Dkts. 79 and 80) are denied without prejudice.

A paper copy of this Order will be mailed to Plaintiff Anthony Jefferson at the address provided in his May 4, 2026 correspondence (Dkt. 78).

IT IS SO ORDERED.

Dated May 20, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge